OPINION
Appellant, Cameron Sterling, appeals the judgment issued by the Ashtabula County Court of Common Pleas, denying his Crim.R. 32.1 motion to withdraw his guilty plea.
On December 4, 1990, appellant was indicted by the Ashtabula County Grand Jury on one count of rape of a minor child under the age of thirteen, with a force specification, in violation of R.C. 2907.02(A)(1)(b). The charge for which appellant was indicted carries a penalty of mandatory life imprisonment. On January 21, 1991, in an effort to avoid life imprisonment, appellant entered a plea by way of Alford v. NorthCarolina[1] to one count of rape without the force specification. The trial court accepted appellant's plea and on March 11, 1991 sentenced him to a term of six to twenty-five years at the Lorain Correctional Institution.
On July 7, 1999, appellant filed a motion to withdraw his guilty plea. As grounds for the motion, he claimed that his plea was not knowingly and voluntarily made because his trial counsel was ineffective in that he failed to investigate the charge against him, conduct discovery, or prepare an adequate defense before advising him to plead guilty. On August 5, 1999, the trial court denied appellant's motion to withdraw his plea without conducting an evidentiary hearing. From this judgment, appellant assigns the following error:
 "The trial court abused it's [sic] discretion in denying appellant's motion to withdraw his Alford type plea pursuant to Ohio Criminal Rule 32.1 when clearly a manifest injustice was shown by appellant."
 Appellant asserts that he was entitled to an evidentiary hearing on the matter because he alleged facts that would permit him to withdraw his plea.
In State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraphs one and two of the syllabus, the Supreme Court of Ohio held:
 "1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)
 "2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."
 In order to reverse the trial court's decision to deny appellant's motion to withdraw his plea, we must conclude that the trial court abused its discretion. State v. Caraballo
(1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
The trial court had the discretion to deny appellant's motion to withdraw his guilty plea on the grounds of res judicata. On September 11, 1996, appellant filed a "Petition to Vacate or Set Aside Sentence" in which he raised the same arguments that he raised in his motion to withdraw his guilty plea. On September 19, 1996, the trial court overruled appellant's "petition," determining that the record refuted appellant's claim that his trial counsel was ineffective. Appellant may not relitigate issues that have already been decided. See State v. Szefcyk
(1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus. Appellant's assignment of error has no merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
 ________________________________ JUDGE, ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] In Alford, the United States Supreme Court concluded that a plea of guilty linked with a claim of innocence regarding the underlying offense may be accepted by the trial court provided the defendant intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt.