THE STATE OF OHIO, APPELLEE, *v.* CARABALLO, APPELLANT.

[Cite as State *v.* Caraballo (1985), 17 Ohio St. 3d 66.]

(No. 84-1265—Decided May 8, 1985.)

*Gregory W. Happ,* prosecuting attorney, *Dean Holman, Judith A. Cross* and *Reginald S. Kramer,* for appellee.

*Jerome Emoff* and *Thomas M. Shaughnessey,* for appellant.

*Per Curiam.* The sole issue presented upon appeal is whether the trial court erred in denying appellant's motion to withdraw his guilty plea to the felony charge of drug trafficking. For the reasons which follow, we affirm the court's ruling.

After a defendant has been sentenced, a court may permit withdrawal of a plea only to correct a manifest injustice. Crim. R. 32.1. The burden of establishing the existence of such injustice is upon the defendant. *State* v. *Smith* (1977), 49 Ohio St. 2d 261 [3 O.O.3d 402], paragraph one of the syllabus. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe. *State* v. *Peterseim* (1980), 68 Ohio App. 2d 211, 213 [22 O.O.3d 341], quoting *Kadwell* v. *United States* (C.A.9, 1963), 315 F. 2d 667.

Appellant argues that his state of mind, caused by emotional debilitation and the residual effects of drug abuse, prevented his plea from being voluntary and knowledgeable. He contends that his appreciation for the consequences of his actions was severely impaired by his habitual drug dependency and the trial judge committed error in overruling his motion.

Our review of this matter is somewhat limited as a motion made pursuant to Crim. R. 32.1 is left to the sound discretion of the trial court. It is that court which determines the credibility of a defendant's claim in support of the motion. *Smith, supra,* paragraph two of the syllabus.

A review of the record herein clearly discloses that the trial court did not perpetrate an abuse of discretion. Prior to accepting the guilty plea, the trial judge extensively examined appellant concerning all aspects within Crim. R. 11. At the hearing held on his motion, appellant testified that he stopped using narcotic drugs two to three weeks before entering his guilty plea, and that he was not under the influence of any drug on the day that he pled guilty. In addition, appellant stated that he fully understood the questions asked of him by the judge concerning the plea.

While we recognize that a guilty plea must be knowing, intelligent and voluntary, appellant's own testimony established that he was not under the influence of any drug and that he understood the nature of the proceedings on the day in question. Further, we fail to see how the trial judge could have more thoroughly examined appellant's mental state relative to his plea. After complying with Crim. R. 11, the court again reviewed his mental awareness surrounding the plea at the hearing on this matter. We can, therefore, find no abuse of discretion in the trial court's action as appellant has not sustained his burden of proof required by *Smith, supra.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

68

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and JONES, JJ., concur.

JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.