[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Mitchell Hudson, appeals from his convictions and sentences in the Shelby County Court of Common Pleas entered upon his guilty plea to seven separate counts of trafficking in drugs, in violation of R.C. 2925.03. Defendant also appeals from the trial court's subsequent denial of his motion to withdraw his guilty plea for those crimes.
On June 26, 1997, defendant was indicted on fourteen counts of trafficking in drugs, fourth-degree felonies. There was one specification contained in the indictment for forfeiture of a vehicle. At the arraignment, defendant pled not guilty to the charges. A change of plea hearing was thereafter held on August 27, 1997 and defendant was represented by counsel. As part of a plea bargain, the prosecutor agreed to move for dismissal of counts eight through fourteen if defendant pled guilty to the other seven counts of drug trafficking. Also, the prosecutor agreed to dismiss the specification, to not commence prosecution on other known charges for which defendant had not been indicted, and to dismiss the charges pending against him in Case No. 97-CR-60. Additionally, the State agreed to recommend that defendant receive consecutive terms of imprisonment on five of the seven counts, with concurrent terms of imprisonment for the two other counts.
Before the trial court accepted defendant's guilty plea, the court questioned defendant pursuant to Crim.R 11 to determine whether his plea was voluntary and knowing. Following this submission, the defendant entered a plea of guilty to seven counts of drug trafficking and the trial court accepted defendant's plea. The case proceeded to sentencing on October 14, 1997, and the trial court sentenced defendant on each count to seventeen months incarceration and fined him $1,000. The trial court did not accept the State's recommendation and ordered that all terms of imprisonment were to be served consecutively.
On November 7, 1997, defendant filed a motion to withdraw his guilty plea. He alleged that the recommendation for concurrent terms by the State in the plea arrangement induced him to plead guilty. The trial court denied defendant's motion. In its ruling on the motion, the trial court stated that it had at the time of the plea informed defendant as to the effect of the State's recommendation on sentencing and that defendant admitted he understood consecutive eighteen-month terms could be imposed for each of the offenses.
Defendant now appeals his sentences and the trial court's denial of his motion to withdraw his guilty plea. On appeal, defendant raises three assignments of error. Defendant's first and second assignments of error are related and will be addressed together. These assignments of error provide as follows:
 The court erred in failing to permit the withdrawal of defendant's plea, and such failure constituted an abuse of discretion on the part of the court which resulted in manifest injustice.
 The trial court abused its discretion in failing to hold an evidentiary hearing on defendant's motion to withdraw his guilty plea.
Defendant's first assignment of error challenges the trial court's denial of his motion to withdraw his guilty plea. In support, defendant claims he entered his plea because he was led to believe he would receive the State's recommendation of concurrent sentences for two counts. By his second assignment of error, defendant contends that the trial court was required to conduct an evidentiary hearing on this issue.
When ruling on a postsentence motion to withdraw a guilty plea, a trial court may permit such withdrawal only to correct a "manifest injustice." Crim.R 32.1; State v. Caraballo (1985),17 Ohio St.3d 66, 67. The logic behind this rule is "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." Caraballo. Thus, a postsentence withdrawal motion is permitted only in "extraordinary cases" and the decision whether to grant the motion is within the sound discretion of the trial court. State v. Smith (1977), 49 Ohio St.2d 261, 264. In exercising that discretion, the trial court is to resolve the "good faith, credibility and weight" of the defendant's assertions in support of his motion. Id.
Additionally, it is important to note that we have previously recognized that Crim.R 32.1 does not automatically require an evidentiary hearing on a postsentence motion to withdraw. Statev. Gaskins (June 27, 1995), Seneca App. No. 13-94-45, unreported. An evidentiary hearing is not required if the facts alleged by the defendant and accepted as true by the court would not require that the guilty plea be withdrawn. Id.; see, also, State v. Legree
(1988), 61 Ohio App.3d 568, 574; State v. Blatnik (1984),17 Ohio App.3d 201, 204. Furthermore, an evidentiary hearing is not required where the defendant's allegations are insufficient to require a hearing in light of the record already before the trial court. State v. Sims (May 24, 1995), Summit App. No. 16841, unreported; State v. Grasley (Sept. 4, 1992), Crawford App. No. 3-92-8, unreported; see, also, State v. Stith (Apr. 17, 1998), Lucas App. No. L-97-1434, unreported (a hearing is not required where the allegations in support of withdrawal are conclusively and irrefutably contradicted by the record).
In this case, the basis for defendant's motion to withdraw was that his plea was entered upon the understanding he would be sentenced in accordance with the State's sentencing recommendation of concurrent terms on two counts. As noted earlier, the trial court in its ruling on defendant's motion relied on the record of the plea hearing. Our review of the plea hearing transcript shows that at the time defendant's plea was entered the trial court thoroughly advised defendant of his rights pursuant to Crim.R 11 and the court specifically addressed the issue of sentencing for the offenses to which defendant agreed to plead guilty. Defendant stated that he fully understood the State's recommendation on sentencing was not binding on the trial court and that the court would determine his sentence. Additionally, the defendant was informed that he could receive a sentence of eighteen months incarceration on each count and that these sentences could be served consecutively.
However, when the trial court imposed a harsher sentence than the State recommended, the defendant then asserted through his counsel that his plea was entered on the understanding he would receive at least two concurrent terms of imprisonment. Defendant's own self-serving assertion is insufficient to rebut the record on review which shows that there was no plea arrangement made with him that he would in fact receive the sentence which the State recommended and that he fully understood the questions asked of him regarding what his sentence could be. We therefore cannot find the trial court abused its discretion when it refused to allow defendant to withdraw his plea. Further, since the record conclusively disproves defendant's allegation in support of withdrawal, no evidentiary hearing was required in this case. Accordingly, defendant's first and second assignments of error are overruled.
For his remaining assignment of error, defendant asserts:
 The trial court abused its discretion, violating defendant's constitutional rights pursuant to the Eighth Amendment of the United States Constitution and Article I Section 9 of the Ohio Constitution through sentencing him excessively and disproportionately in relationship to his offense.
The Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution provide that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Defendant cites authority which supports the proposition that theEighth Amendment's ban on cruel and unusual punishment includes a prohibition against "sentences that are grossly disproportionate to the offense." Hutto v. Finney (1978), 437 U.S. 678. Defendant then argues that his sentence is excessive and grossly disproportionate to the offense committed and the aggregate term of imprisonment is greater than he would receive for more serious offenses.
We note that as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence imposed is within the limits authorized by the applicable statute. State v. Hill (1994), 70 Ohio St.3d 25, 29. To warrant constitutional intervention, "[t]he penalty must be so greatly disproportionate to the offense as to shock the sense of justice in the community." State v. Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus; see, also, State v. Young
(1988), 37 Ohio St.3d 249.
In this case, defendant was sentenced to serve seven consecutive seventeen-month terms of incarceration for trafficking in drugs. The defendant's separate sentences were within the statutory limits of incarceration permitted for a fourth-degree felony offense. See R.C. 2929.14(A)(4). Also, the description of the offenses to which defendant pled guilty in the instant case states that he sold or offered to sell crack cocaine within one thousand feet of a school. We further note that the trial court had before it the presentence investigation report which contained information concerning the defendant's criminal record. The punishment imposed is not so greatly disproportionate to the offense as to shock the sense of justice in the community. See Chaffin, supra.
Concerning the consecutive terms of imprisonment imposed, R.C. 2929.14(E)(3) relevantly provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
We note the importance the trial court placed on the defendant's history of criminal activity in its decision to impose consecutive terms. Under the circumstances in this case, we cannot say the trial court erred in imposing consecutive terms of imprisonment.
Having found that defendant's arguments regarding his sentence are without merit, this assignment of error is overruled. In conclusion, we affirm the convictions and sentences of the trial court on the seven counts of drug trafficking. We also affirm the decision of the trial court denying defendant's motion to withdraw his plea.
Judgments affirmed.
EVANS and BRYANT, JJ., concur.