OPINION
On September 17, 1993, the Stark County Grand Jury indicted appellant, Steven Bubenchik, Jr., on one count of carrying a concealed weapon in violation of R.C. 2923.12(A), one count of escape in violation of R.C. 2921.34(A), three counts of receiving stolen property in violation of R.C. 2913.51(A), one count of grand theft in violation of R.C. 2913.02(A), one count of aggravated burglary in violation of R.C. 2911.11(A), and one count of felonious assault with a firearm specification in violation of R.C. 2903.11(A) and R.C. 2941.141. The indictment was subsequently amended. The three counts of receiving stolen property were merged into one count and the grand theft charge was merged with the aggravated burglary charge. Thereafter, appellant pled guilty as charged. By nunc pro tunc judgment entry filed March 2, 1994, the trial court sentenced appellant to a total aggregate term of four and one half to twenty-five years in prison.
On January 9, 1998, appellant filed a motion for super shock probation. By judgment entry filed January 13, 1998, the trial court denied said motion. On June 15, 1998, appellant filed a motion to withdraw his guilty plea. By judgment entry filed August 17, 1998, the trial court denied this motion.
Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY FAILING TO ALLOW DEFENDANT TO WITHDRAW HIS GUILTY PLEA WHERE DEFENDANT MORE THAN ADEQUATELY DEMONSTRATED HIS 5TH AND 14TH AMENDMENT DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION WHERE VIOLATED WHEN HIS GUILTY PLEA WAS NOT ENTERED KNOWINGLY AND INTELLIGENTLY.
 I
Appellant claims the trial court erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We disagree.
Crim.R. 32.1 governs the withdrawal of a guilty plea and states as follows:
RULE 32.1 Withdrawal of Guilty Plea
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. Our review of the trial court's decision is limited to a determination of whether the trial court abused its discretion. State v. Caraballo (1985),17 Ohio St.3d 66; State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Appellant argues his guilty plea was not knowing, intelligent, or voluntary because his plea was based on a promise to be considered for probation after five years although he pled guilty to non-probational offenses because a firearm was involved. At the January 27, 1994 plea hearing, the state explained its position on shock probation as follows:
 If the State would allow the Court to impose the appropriate sentence but after that three-year term of incarceration and after the Defendant serves an additional term of two years, the State would not object to his filing a motion for shock probation which would then, of course, be looked upon by this court. And if his behavior is in prison, as he indicates it will be, that he uses his time to better himself, the State would not object to the granting of shock probation after the Defendant has served a period of five years incarceration.
T. at 4-5.
The trial court proceeded to question appellant pursuant to Crim.R. 11. The trial court explained the possible sentences and asked appellant "Do you understand that there will not be probation in this matter?" T. at 11. Appellant replied "I do."Id. The trial court then imposed sentences and stated the following:
 THE COURT: I'm sorry, 8 to 25. The three years will be served first. You will do two years for sure after that. That's five years, all right.
 You do as you're saying that you will do, you show yourself, you have corrected whatever this was that went on that day and you have your life headed in the right direction, Mr. Lacki is going to file an application for shock probation.
 I am telling you today I will strongly consider that. It's going to be up to you.
T. at 15.
Appellant filed a motion for shock probation on January 9, 1998. The trial court denied the motion. Appellant then filed a motion to withdraw his guilty plea because his plea was based upon consideration for shock probation which had been denied. By judgment entry filed August 17, 1998, the trial court denied the motion finding "a post sentence investigation was prepared for this defendant and that a recommendation was made to deny any early release. This Court, therefore, finds that early release would not be appropriate * * *." We note the post sentence investigation report is not in the file for our review but was requested by the trial court per assignment notice filed July 9, 1998. The trial court considered shock probation as promised. The trial court denied appellant's request based upon the post sentence investigation report, not because appellant was ineligible for shock probation.
Upon review, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/db 0224
JUDGMENT ENTRY
CASE NO. 1998CA00242
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES