OPINION
Appellant, John G. Vecchio, appeals the judgment issued by the Lake County Court of Common Pleas, denying his Crim.R 32.1 motion to withdraw his guilty plea.
On August 22, 1997, appellant was indicted by the Lake County Grand Jury on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11. On September 10, 1997, appellant was arraigned in the Lake County Court of Common Pleas and entered a plea of not guilty to the indictment.
On April 22, 1998, appellant withdrew his former plea of not guilty and entered an oral and written plea of guilty to a lesser included offense of felonious assault, a felony of the third degree. At the hearing, the State presented to the trial court a joint sentencing recommendation that appellant be given community control sanctions and no more than 150 days in the Lake County Jail. The trial court advised appellant that it did not need to follow the joint recommendation, and after engaging in a Crim.R. 11 colloquy, it accepted appellant's plea of guilty. The trial court then referred appellant to the Lake County Adult Probation Department for a pre-sentence report and investigation. At the probation department, appellant submitted to a urinalysis, which tested positive for cocaine.
On May 28, 1998, the trial court rejected the joint sentencing recommendation and sentenced appellant to serve a prison term of two years at the Lorain Correctional Facility. A week later, appellant filed a motion to withdraw his guilty plea. As grounds for the motion, he asserted that he was under the influence of cocaine during the change of plea hearing and, therefore, his plea was not knowingly, voluntarily, and intelligently made.
On June 29, 1998, the trial court held an evidentiary hearing, in which appellant presented the testimony of Joy Wachhaus, a probation officer with the Lake County Probation Department. She testified that appellant's urine sample, given on April 22, 1998, tested positive for cocaine. She further testified that her secretary, who took the sample from appellant, made no notation that appellant appeared under the influence of drugs, which she would have done if appellant had appeared intoxicated. Appellant testified that he had used cocaine one day prior to the date of his plea hearing and claimed that he did not fully understand the nature of the change of plea hearing because of the drugs in his system. He stated that he lied to the trial court during the course of the plea hearing when he denied any drug usage because he did not want to get in trouble. On July 1, 1998, the trial court denied appellant's motion to withdraw his plea. From this judgment, appellant assigns the following error:
 "The trial court erred in denying appellant's motion to withdraw his previously entered guilty plea."
In his sole assignment of error, appellant alleges that the trial court abused its discretion by not allowing him to withdraw his guilty plea. He contends that the withdrawal is necessary to correct a manifest injustice caused by the trial court's acceptance of a plea which was not knowing, voluntary, and intelligent. Appellant claims that he did not fully understand the nature of the proceedings because he was under the influence of cocaine at the time of the hearing.
In State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, at paragraphs one and two of the syllabus, the Ohio Supreme Court held:
 "1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)
 "2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters be resolved by that court."
In order to reverse the trial court's decision to deny appellant's motion to withdraw his plea, we must conclude that the trial court abused its discretion.State v. Caraballo (1985), 17 Ohio St.3d 66, 67,477 N.E.2d 627. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. The trial court determined that appellant did not sustain his burden of proving the existence of manifest injustice and stated that "there is no question in this Court's mind that at his change of plea he was as clear headed as he is today." The trial court surmised that appellant's true motivation for filing the motion to withdraw his guilty plea was that he was unhappy with his sentence.
Appellant relies on State v. Newland (1996),113 Ohio App.3d 832, 682 N.E.2d 678, to support his contention that the trial court abused its discretion by denying his motion to withdraw his guilty plea; however, the facts in Newland are distinguishable from the facts in the instant case. Newland filed a pre-sentence motion to withdraw, which is liberally granted provided that there is a reasonable and legitimate basis for the withdrawal, see State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715; appellant filed a post-sentence motion, which cannot be granted absent a showing of manifest injustice, a much higher burden of proof. In Newland, there was substantial evidence that Newland's plea was not knowing, voluntary and intelligent because he was under the influence of morphine during the proceeding. The Fourth Appellate District noted that "[a]t some points, [Newland] had difficulty even remaining awake in court. A review of the transcript of the April 29, 1994, hearing clearly shows confusion on [his] part as to what was being said and what was taking place." In the instant case, appellant did not show any signs of confusion at the hearing. The following portion of the transcript of the change of plea hearing demonstrates that appellant was fully aware of what was occurring:
 "THE COURT: Have you had time to discuss this matter with your attorney, although this is his recommendation, it's your own voluntary act to enter into this plea?
"THE DEFENDANT: Yes.
 "THE COURT: Are your satisfied with him as your attorney?
"THE DEFENDANT: Absolutely
 "THE COURT: You understand this offense may be one for which probation may be granted, which is community control, or I can send you to prison?
"THE DEFENDANT: Yes, I do.
"THE COURT: Are you a citizen of the United States?
"THE DEFENDANT: Yes, I am.
 "THE COURT: Are you under the influence of any drugs, alcohol, or medication?
 "THE DEFENDANT: I take medications, antidepressants for depression and anxiety.
"THE COURT: Anything else besides those?
"THE DEFENDANT: No, Your Honor.
 "THE COURT: Have you taken any drugs, alcohol, or medication within the last 48 hours?
"THE DEFENDANT: No, Your Honor.
 "THE COURT: Have you ever been treated for any mental illness?
"THE DEFENDANT: Depression.
 "THE COURT: Have you ever been committed to a mental institution?
"THE DEFENDANT: Voluntary.
"THE COURT: When was that?
"THE DEFENDANT: November of '97.
 "THE COURT: Do you understand what's going on here today?
"THE DEFENDANT: Oh, yes, yes, sir."
The facts in the instant case are similar to the facts inCaraballo. In Caraballo, the defendant filed a Crim.R. 32.1 motion after he had been sentenced, claiming that his guilty plea was not knowing, voluntary, and intelligent because he was under the influence of residual amounts of marijuana at the hearing. The Supreme Court of Ohio held that Caraballo did not meet his burden of establishing the existence of a manifest injustice. Caraballo claimed that his ability to enter a knowing, voluntary, and intelligent plea was severely impaired by his habitual drug dependency. The court concluded that this was undermined by his tesimony at the hearing, which established that he was not under the influence of any drug and understood the nature of the proceedings.
Although appellant tested positive for cocaine immediately after the hearing, a review of the record demonstrates that the existence of cocaine in his system did not affect his ability to comprehend the nature of the proceedings and enter a knowing, voluntary, and intelligent plea. Because appellant did not sustain his burden of demonstrating the existence of manifest injustice, the trial court did not abuse its discretion by denying his motion to withdraw his plea. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 __________________________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.