OPINION
Defendant-appellant, Ronald Reed, appeals the decision of the Jefferson County Court of Common Pleas overruling his motion to withdraw his plea of guilty pursuant to Crim.R. 32.1.
This present appeal is the latest in a number of visits appellant has made to this court, all stemming from the 1985 rape of his minor daughter. Because the factual and procedural history relevant to appellant's conviction has already been thoroughly outlined in his prior appeals, we shall be brief in our discussion of the facts giving rise to appellant's latest appeal.
On July 1, 1985, appellant was indicted on two counts of rape of a child under the age of thirteen. The trial court ordered appellant to be evaluated for his competency to stand trial, and following two evaluations and two competency hearings, appellant was found competent. Appellant then entered a plea of guilty to one of the two counts of rape, and the remaining count was dismissed. Appellant was sentenced to an indefinite term of incarceration of 10 to 25 years.
Thereafter, appellant filed a motion for relief from judgment which the trial court denied. On appeal, this court reversed the trial court's decision and remanded the matter, whereupon the trial court set aside the guilty plea and reinstated the charges.
On May 8, 1989, appellant again pled guilty to one of the rape counts in exchange for the dismissal of the second count. Appellant received the same sentence previously imposed. After sentencing appellant filed various pro-se motions seeking the modification, suspension of execution and clarification of his sentence. On August 20, 1992, appellant appealed the overruling of his motion for modification, which appeal was dismissed for lack of jurisdiction. Two additional notices of appeal were filed, both of which were voluntarily withdrawn. On October 12, 1994, appellant filed a motion to correct sentence, which the trial court overruled for lack of jurisdiction. On appeal, this court affirmed the trial court's decision. See State v. Reed
(June 18, 1996), Jefferson App. No. 94-J-64, unreported.
Appellant then filed a motion for post-conviction relief, which the trial court overruled on July 10, 1996. On appeal, this court again affirmed the trial court. See State v. Reed (Aug. 18, 1997), Jefferson App. No. 96-JE-25, unreported. Barely three months after this decision, appellant returned to the trial court, this time filing a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court overruled the motion, on December 1, 1997, which appellant assigns as error in the instant appeal.
Appellant's brief was initially filed on December 24, 1997. This document is largely incomprehensible, full of invective and offers very little discussion of appellant's guilty plea. However, appellant subsequently amended his brief to include seven assignments of error, which we proceed to discuss infra.
As a preliminary matter, we note that a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal and later withdraw the plea if the sentence was unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66,67. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Smith,supra, paragraph two of the syllabus.
Appellant's first three assignments of error all relate to appellant's claim that the trial court was without jurisdiction to accept his plea because the Jefferson County Probate Court had exclusive jurisdiction over the matter. Appellant has been raising this issue of jurisdiction and the probate court since 1996 and the issue has been thoroughly treated both by this court and the trial court. See State v. Reed, 96-JE-25, supra. Because the issue of the trial court's jurisdiction has already been decided, we decline to revisit the issue. Accordingly, appellant's first three assignments of error are without merit.
Appellant's fourth assignment of error states, inter alia:
 "The sentencing Judge COULD NOT at anytime, accept or force any kind of a Plea from the Appellant, As the sentencing Judge `DID NOT' advise the Appellant AT ANY TIME, That he (Judge) WAS NOT aVProbate Judge, and had lacked the AUTHORITY to act as one. NOR DID HE ADVISE the defendant/Appellant at ANY TIME, that the Appellant was waiving All of his Right to Due Process and Equal Protection.
Appellant offers no arguments in support of this assignment of error, nor does the record support appellant's bare allegation that he was not advised of his constitutional rights. App.R. 16(A)(7) requires appellant to include in his brief "[am argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellant has failed to comply with the foregoing rule and, as such, App.R. 12(A)(2) permits us to disregard said assignment of error. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." State v. McGuire (April 15, 1996), Preble App. No. CA95-01-001, unreported, at *14. In any event, the record clearly demonstrates that appellant was advised of all of his constitutional rights prior to entering his plea of guilty. Accordingly, appellant's fourth assignment of error is without merit.
Appellant's fifth assignment of error asserts that the prosecutor failed to disclose that he knew of the existence of a probate order. Appellant offers no support for this statement, either by reference to the record or otherwise. Nor has appellant presented any argument to support his claim or to explain how the prosecutor's alleged knowledge of a probate order relates to his guilty plea. Accordingly, and for the reasons stated above, appellant's fifth assignment of error is similarly without merit.
Appellant's sixth assignment of error appears to be an ineffective assistance of counsel argument, as best as it can be deciphered. Appellant claims that because his appointed counsel was not advised about a probate order or that appellant was under a disability, appellant's counsel was thereby rendered ineffective and appellant was deprived of the defense of temporary insanity at the time of the offense. This assignment, like the others, is unsupported by argument or by reference to evidence in the record. As such, we need not address this assignment other than to note that an ineffective assistance of counsel argument was presented in one of appellant's prior visits to this court, in which we noted that appellant had failed to demonstrate that his counsel's performance was in any way deficient. See State v. Reed, 94-J-64, supra. Accordingly, appellant's sixth assignment of error is without merit.
Appellant's seventh and final assignment of error is a general claim of conspiracy against everybody remotely associated with his conviction. Specifically, appellant claims he was "[n]ever advised that he WAS NOT in the United States of America, or that he was going to be Judged by Comminst [sic.] and vigilantinizim [sic.] Justice." In appellant's prior appeal, State v. Reed,
96-JE-25, supra, we noted that:
 "[a]ppellant has continually presented unsubstantiated accusations against practically all individuals involved in his prosecution, claiming that judges, prosecutors, and court clerks conspired against him. However, appellant has failed to produce one single piece of evidence against these individuals which might indicate any wrongdoing on their part."
Regrettably, appellant has continued to use unsubstantiated accusations as his primary litigation tool and has chosen to rely on invective rather than legal argumentation in the prosecution of this appeal. Accordingly, appellant's seventh assignment of error is without merit.
Because there is no merit to any of appellant's seven assignments of error, the judgment of the trial court is hereby affirmed.
In addition, the numerous motions filed by appellant in this court during the pendency of this appeal are overruled.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ Gene Donofrio, Judge.