OPINION
Appellant Amos Chupp appeals the decision of the Court of Common Pleas, Holmes County, Ohio, which denied his motion to withdraw a prior plea of guilty. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows. On March 13, 1996 appellant was arraigned in the trial court on one charge of rape, in violation of R.C. 2907.02 (A)(1)(B). On March 28, 1996, following negotiations between the prosecution and appellant's then-counsel, Thomas C. Douglas, appellant entered a plea of guilty to the indictment in court both orally and in writing . On April 17, 1996, appellant sent a pro se letter to the trial court regarding the issue of maximum penalties, asking the court for assistance. On May 23, 1996, the trial court held its sentencing hearing and inquired of appellant regarding the aforesaid letter. Appellant at that time acknowledged that he understood the maximum penalties faced. He thereupon decided to stand on his prior plea of guilty, and was sentenced to an indeterminate term in prison of not less than six nor more than 25 years. In July and August, 1998, appellant unsuccessfully sought super shock probation. Appellant then filed a motion in April, 1999, seeking to withdraw his plea of guilty. Appellant obtained court-appointed counsel, and a hearing was held on said motion on July 7, 1999. After taking the matter under advisement, the trial court denied the appellant's motion to withdraw plea on August 19, 1999. Appellant filed a notice of appeal on September 9, 1999, and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE THE EVIDENCE ESTABLISHES MANIFEST INJUSTICE IN THAT THE APPELLANT'S PLEA WAS NOT TENDERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY DUE TO THE ERRONEOUS ADVICE OF COUNSEL.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE THE EVIDENCE ESTABLISHES MANIFEST INJUSTICE IN THAT THE APPELLANTS (SIC) PLEA WAS NOT TENDERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL AT AND PRIOR TO THE PLEA HEARING.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS (SIC) MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE THE EVIDENCE ESTABLISHES MANIFEST INJUSTICE IN THAT APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS EVIDENCE.
 I
In his First Assignment of Error, appellant contends that the trial court should have granted his motion to withdraw the 1996 plea, as the evidence presented demonstrates that said plea was not tendered in a knowing, intelligent, and voluntary fashion. We disagree. Crim.R. 32.1 governs the withdrawal of a guilty plea and states as follows: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. Our review of the trial court's decision is limited to a determination of whether the trial court abused its discretion. State v. Caraballo (1985), 17 Ohio St.3d 66. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. The crux of appellant's position throughout the proceedings below is his claim that he took the 1996 plea based on a belief that failing to do so ran the risk of his obtaining a life sentence after conviction. However, after hearing the testimony of both appellant and Attorney Douglas at the hearing on July 7, 1999, the trial judge concluded that appellant's 1996 letter to the court contradicted his current claims, and found no substantiation in the record that Attorney Douglas told appellant he was facing a life sentence unless he pled guilty. The trial court, in its discretion, simply found more credence in the recollection of the attorney, as noted below: Trial counsel testified that in one of his first meetings with the Defendant, he informed Defendant that if he committed the offense of rape against a person under the age of thirteen years and used force or threat of force, the potential penalty would be a life sentence. Trial counsel credibly testified that this was the only mention of a life sentence and that he was sure that his client understood that he was not facing a potential life sentence. Judgment Entry, August 19, 1999, at 3.
Upon review of the record and transcript herein, we find the trial court did not abuse its discretion in finding that appellant failed to meet his burden under Crim.R. 32.1, and thereby denying appellant's motion to withdraw his guilty plea. Appellant's First Assignment of Error is overruled.
 II and III
In his Second and Third Assignments of Error, appellant contends that his then-counsel's allegedly deficient representation during the 1996 proceedings deprived him of his right to the effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. However, we decline to address these arguments, as they are in essence an untimely petition for postconviction relief. In State v. McMinn (June 16, 1999), Medina App. No. 2927-M, unreported, the Ninth District Court of Appeals noted the following: A motion to withdraw a guilty plea after sentencing is permitted to correct a manifest injustice. See Crim.R. 32.1. A motion subsequent to direct appeal, or one which is made beyond the expiration of the time for direct appeal, "seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated * * * is a petition for postconviction relief as defined in R.C. 2953.21." Id. at 2, quoting State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
Thus, " * * * a motion to withdraw a guilty plea after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a successive petition for postconviction relief." State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, at 4. Hence, we conclude that these two assignments of error raise constitutional claims which were never directly appealed following the 1996 conviction and sentence, nor timely raised in a petition for postconviction relief subsequent thereto, and consideration of these arguments presently would be to ignore the time requirements of R.C. 2953.21(A)(2), which reads as follows: A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Therefore, we decline to review appellant's Second and Third Assignments of Error. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Holmes County, is hereby affirmed.
 ____________________ Wise, J.
By: Gwin, P.J., and Edwards, J., concur.