OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, overruling the motion to withdraw a guilty plea filed by defendant-appellant, Dale Jackson.
On October 3, 1997, appellant was indicted by the Mahoning County Grand Jury on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2). Each count contained a firearm specification. Appellant entered a plea of not guilty to all charges.
On April 21, 1998, appellant signed an agreement with plaintiff-appellee, State of Ohio, whereby appellant agreed to submit to a polygraph test. If the results of the polygraph test demonstrated that appellant was truthful in his denial of the charges against him, appellee agreed to drop such charges. However, if the results of the polygraph indicated that appellant was not telling the truth, appellant agreed to plead guilty to the charges as set forth in the indictment.
Appellant failed the polygraph test and thereafter filed a motion seeking a second administration of the test. He argued that he was under the influence of prescribed narcotic drugs at the time the original test was administered. He concluded that this impaired his ability to think clearly and focus on the questions asked by the test administrator. The trial court overruled appellant's motion. The trial court likewise overruled appellant's subsequent motion to suppress the results of the polygraph test.
On August 4, 1998, appellant entered into a plea agreement with appellee pursuant to Crim.R. 11(F), whereby appellant pled guilty to one count of aggravated robbery and one count of felonious assault. In return for appellant's plea, appellee dismissed the second count of aggravated robbery. The trial court accepted appellant's guilty plea, sentencing him to a three-year incarceration term for aggravated robbery and a four-year incarceration term for felonious assault. These terms were to be served consecutively. The trial court further merged the firearm specifications and imposed an additional, actual three-year incarceration term to be served prior to and consecutively to the sentences for aggravated robbery and felonious assault.
Appellant then filed a notice of appeal. He also filed a motion to withdraw his guilty plea. This court held appellant's appeal in abeyance to permit the trial court to conduct a hearing and enter a ruling on appellant's motion. A hearing was held on February 26, 1999. The trial court subsequently filed its judgment entry, overruling appellant's motion to withdraw his guilty plea. This appeal followed.
Appellant sets forth three assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court abused its discretion in not allowing plea withdrawal."
Appellant's second assignment of error alleges:
 "The trial court abused its discretion in refusing a plea withdrawal while defendant-appellant was under the influence of drugs."
These assignments of error have a common basis in law and fact and will therefore be discussed together.
Appellant argues that the trial court was influenced by extrinsic facts in overruling his motion to withdraw his guilty plea. Appellant states that at the hearing, the trial court responded to comments made by his mother concerning an incident in which he was shot. Appellant's mother testified that as a result of having been shot, appellant was on Elavil, a medication that relaxes muscles. She claimed that it may have affected his ability to participate in the polygraph test. The trial court interjected, suggesting that the medication and being shot did not affect appellant's ability to father a child. The trial court went on to note that appellant admitted to using marijuana every day for five years. The trial court stated, "And we're up here whining about how much pain your son is in, but no one's whining about how much pain the victim is in." (Tr. 28). The trial court further noted that "[appellant] was here at all times, fully understood, and at times directed his attorney." (Tr. 29)
Appellant argues that the comments made by the trial court demonstrate its abuse of discretion. Appellant concludes that by virtue of the fact he was under the influence of drugs when he participated in the polygraph test, the trial court was obligated to permit him to withdraw his guilty plea. Appellant maintains that the trial court's failure to do so constituted an abuse of discretion.
Crim.R. 32.1 provides:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
After the imposition of a sentence, the burden lies with a defendant to establish the existence of manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdrawing the plea if the sentence was unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66,67.
In reviewing the trial court's denial of appellant's motion to withdraw his guilty plea, this court is limited to a determination of whether the trial court abused its discretion.State v. Blatnik (1984), 17 Ohio App.3d 201, 202. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151
. An abuse of discretion is found only in the instance where a decision is grossly violative of fact and logic so as to demonstrate perversity of will, defiance of judgment, undue passion or extreme bias. State v. Jenkins (1984), 15 Ohio St.3d 164,222.
In the case at bar, appellant was given the opportunity during the hearing on his motion to produce evident to establish that he should be permitted to withdraw his guilty plea. The only evidence presented by appellant was the testimony offered by his mother. She claimed that appellant was taking pain medication at the time he took the polygraph test and therefore, the medication could have impaired his ability to obtain accurate results from the examination. No additional evidence was offered to establish that appellant was under the influence of drugs when he participated in the polygraph test or when he entered a guilty plea in this matter.
Further, there is no evidence in the record to indicate that appellant failed to comprehend the nature of his proceedings or failed to enter a knowing, voluntary and intelligent plea. In fact, the plea agreement executed by appellant contained assurances that he entered such plea voluntarily with an understanding of the consequences. The trial court heard the testimony offered at the hearing and concluded that appellant was of sound mind when he entered his guilty plea. The trial court's comments, for which appellant complains, merely referred to the state of the evidence at the hearing and as such, do not constitute an abuse of the trial court's discretion in denying appellant's motion to withdraw his plea.
Additionally, it is clear that the trial court was convinced appellant filed the motion to withdraw his plea because he was dissatisfied with the sentence imposed upon him. The trial court stated, "[appellant] thought that he was going to walk out of here on probation, and that is the purpose of this motion." (Tr. 30). Such an attempt to circumvent the criminal process is not permitted. Caraballo, supra.
Based upon the foregoing, it cannot be said that the trial court's attitude was unreasonable, arbitrary or unconscionable. Therefore, the trial court did not abuse its discretion in overruling appellant's motion to withdraw his plea.
Appellant's first and second assignments of error are found to be without merit.
Appellant's third assignment of error alleges:
 "Defendant-appellant was denied effective assistance of counsel to his prejudice."
Appellant contends that his defense counsel improperly waived the preliminary hearing in this case. He insists that such hearing presented the first opportunity for defense counsel to evaluate the strength of appellee's case against him. Appellant further maintains that his defense counsel inappropriately stipulated to the use of polygraph test results for purposes of trial. Appellant concludes that these actions amounted to ineffective assistance of counsel.
The United States Supreme Court established a standard for determining ineffective assistance of counsel in Strickland v.Washington (1984), 466 U.S. 668. In order to demonstrate ineffective assistance of counsel, an appellant must first show that his defense counsel was deficient. Strickland, supra. This requires appellant to establish that his defense counsel's performance fell below an objective standard of reasonableness.Strickland, supra. The second part of the Strickland test requires appellant to prove that he was prejudiced by defense counsel's deficiency. To demonstrate prejudice appellant must show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra. The Ohio Supreme Court adopted the Strickland test in State v. Bradley (1989),42 Ohio St.3d 136, and held that there is a presumption of effective assistance of counsel.
Appellant's defense counsel waived the preliminary hearing and also stipulated to the use of the results from a polygraph test for purposes of trial. However, these actions did not amount to a deficiency in representation as contemplated inStrickland, supra. This court must give great deference to defense counsel's performance and will not second guess her trial tactics or related strategic decisions. State v. Carter (1995),72 Ohio St.3d 545, 558. "To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Carter, supra.
If defense counsel in this case believed that appellant was telling the truth about his involvement, or lack thereof, in the crimes for which he was accused, the decision to waive the preliminary hearing and stipulate to the results of a polygraph test may have been advantageous. Had the polygraph test revealed that appellant was telling the truth, appellee agreed to drop the charges against him. Given the ultimate outcome of the polygraph test, counsel's decision may not have been the best avenue of defense. Nevertheless, a reviewing court cannot use the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Strickland, supra.
Furthermore, appellant has failed to demonstrate that defense counsel's actions prejudiced him as no evidence was offered to demonstrate a reasonable probability existed that, but for defense counsel's conduct, the result of the within proceedings would have been different. Strickland, supra.
Appellant has failed to establish that he received ineffective assistance of counsel in accordance with the dictates ofStrickland.
Appellant's third assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., concurs, VUKOVICH, J., concurs.