OPINION
{¶ 1} Appellant Djibrilla Marafa appeals from the denial of his motion to withdraw a prior guilty plea in the Stark County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In January 2001, appellant was indicted on one count of felonious assault, a felony of the second degree. Following the state's amendment of the indictment to aggravated assault, a felony of the fourth degree, appellant withdrew his plea of not guilty. Appellant entered a plea of guilty on March 26, 2001, and was thereupon sentenced to fifteen months incarceration.
 {¶ 3} Over the course of the next few months, appellant twice unsuccessfully sought judicial release. On January 29, 2002, appellant filed a motion to withdraw his guilty plea. Appellant's petition indicated that he was from Niger, Africa, and had been in the United States for less than a year at the time of the assault offense. Appellant also asserted that his native language was Haussa, with French as a secondary language. Although he had been provided with an interpreter at the change of plea and sentencing hearing, he claimed in the petition to have lacked understanding of said proceedings. The trial court nonetheless denied his motion to withdraw the guilty plea on March 20, 2002.
 {¶ 4} Appellant filed a pro se appeal therefrom. This Court remanded the matter for the appointment of appellate counsel. The appeal was thereupon reinstituted under a second appellate case number. Appellant herein raises the following two Assignments of Error:
 {¶ 5} "I. The trial court abused its discretion and erred to the prejudice of the appellant Mr. Marafa when it denied his motion to withdraw his guilty plea because his plea was not knowingly, intelligently, and voluntarily given.
 {¶ 6} "II. The trial court erred to prejudice of the appellant Mr. Marafa when it failed to comply with O.R.C. 2943.031."
 I. {¶ 7} In his First Assignment of Error, appellant argues the trial court erred in denying his motion to withdraw the guilty plea. We disagree.
 {¶ 8} The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. State v. Caraballo (1985), 17 Ohio St.3d 66,477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.
 {¶ 9} The crux of appellant's position throughout the Crim.R. 32.1 proceedings below was his claim that he did not enter his plea knowingly, intelligently, and voluntarily, based on his lack of familiarity with American legal procedures and the English language. He also challenged the interpreter provided at the sentencing hearing, an African student at Kent State University who, according to appellant, spoke a different "native tongue."[1] However, the record indicates that appellant was able to read his plea agreement at that time to counsel in English; moreover, the interpreter had provided translation services to the court on a previous occasion, and appellant's trial counsel stipulated to utilizing this particular individual. Therefore, upon review of the record and the transcript of the sentencing hearing colloquy, we find the trial court did not abuse its discretion in finding that appellant failed to meet his burden for withdrawing a prior plea under Crim.R. 32.1, and thereby denying appellant's motion to withdraw his guilty plea.
 {¶ 10} Appellant's First Assignment of Error is overruled.
 II. {¶ 11} In his Second Assignment of Error, appellant argues the trial court erred by failing to comply with R.C. 2943.031. We disagree.
 {¶ 12} R.C. 2943.031(A) reads as follows:
 {¶ 13} "Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 14} "`If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 15} The trial court, utilizing the aforesaid interpreter, addressed appellant at the sentencing hearing in pertinent part as follows:
 {¶ 16} "THE COURT: Are you a citizen of the United States?
 {¶ 17} "DEFENDANT MARAFA: No, Your Honor.
 {¶ 18} "THE COURT: Do you understand — that if you are not a citizen of the United States — you are hereby advised that a conviction of the offense — to which you are pleading guilty — in this case, the offense of aggravated assault, felony of the fourth degree — may have the consequences of deportation. That is, you may be deported. You may be excluded from admission to the United States — or you may be denied or have a denial of naturalization — pursuant to the laws of the United States.
 {¶ 19} "DEFENDANT MARAFA: May I please ask a question based on that?
 {¶ 20} "THE COURT: You may.
 {¶ 21} "DEFENDANT MARAFA: I would like to be possible to submit to a certainty.
 {¶ 22} "THE COURT: You would like to be certain?
 {¶ 23} "DEFENDANT MARAFA: No, I would like to know if there is a possibility or if it's a certainty that I would be deported.
 {¶ 24} "THE COURT: The Court, this Court does not have any jurisdiction over what the Immigration Naturalization Service does. . . . Do you understand that?
 {¶ 25} "DEFENDANT MARAFA: Yes, I understand, Your Honor.
 {¶ 26} "THE COURT: Let the Court say it is a very real possibility — that you may be deported — excluded from admission to the United States — or denied naturalization pursuant to the laws of the United States. . . . Do you understand that?
 {¶ 27} "DEFENDANT MARAFA: Yes, Your Honor." T. 24-27 (references to interpreter omitted).
 {¶ 28} Notwithstanding the fact that appellant failed to specifically cite the purported lack of compliance with R.C. 2943.031(A) in his Crim.R. 32.1 motion (see, e.g., State v. Abuhilwa (March 29, 1995), Summit App. No. 16787), upon review of the sentencing hearing colloquy, we find the existence of substantial compliance with R.C.2943.031. See State v. Ikharo (Sept. 10, 1996), Franklin App. No. 95APA11-1511.
 {¶ 29} Appellant's Second Assignment of Error is overruled.
 {¶ 30} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
topic: Motion to Withdraw Plea.
[1] Appellant provides no further guidance as to the variance in "tongues;" e.g., we are not advised whether this pertains to a different language or merely a local dialect variation.