OPINION *Page 2 
{¶ 1} Defendant-appellant Craig Shankle appeals the March 1, 2007 Judgment Entry of the Stark County Court of Common Pleas denying his motion to withdraw his guilty plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 6, 2006, Appellant was indicted on one count of burglary, one count of domestic violence and one count of assault. On December 26, 2006, Appellant entered a plea of guilty to the charges before the trial court. Prior to sentencing, however, the trial court ordered a pre-sentence investigation.
 {¶ 3} On January 30, 2007, the trial court conducted a sentencing hearing in this matter. The trial court sentenced Appellant to a five year prison term.
 {¶ 4} On February 21, 2007, Appellant moved the trial court to withdraw his guilty plea. Via Judgment Entry of March 1, 2007, the trial court denied the motion.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN (1) FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA: AND (2) IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS PLEA."
 {¶ 7} Appellant asserts the trial court's denial of his motion to withdraw his guilty plea amounts to an abuse of discretion.
 {¶ 8} Criminal Rule 32.1 states:
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence *Page 3 
may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 11} Appellant argues his five year prison sentence results in a manifest injustice, as he entered a plea of guilty to the charges with the understanding he would be sentenced to community control.
 {¶ 12} At the December 26, 2006 hearing the following exchange took place:
 {¶ 13} "The Court: Today I just picked 5. This is a good time for us to talk about this.
 {¶ 14} "It is my understanding you are prepared to withdraw your previously entered plea of not guilty and enter a plea of guilty with the understanding that I would not sentence you this morning, rather that I would request a presentence investigation report be prepared; and we will meet on the twenty-ninth of January to consider the results of that report.
 {¶ 15} "Is that your understanding, sir?
 {¶ 16} "Defendant Shankle: Yes, sir.
 {¶ 17} "The Court: Do you understand there is no guarantee that I am going to place you on probation because if something shows up in that presentence *Page 4 
investigation, a felony that you haven't told your attorney about so that he can tell me, then I'm not going to place you on probation.
 {¶ 18} "Do you understand that, sir?
 {¶ 19} "Defendant Shankle: Yes, sir.
 {¶ 20} "The Court: Do you also understand, sir, that if I do place you on probation there will be terms and conditions; an if you violate the terms and conditions of your probation and you come back in front of me for a hearing and if I do determine that you did violate the terms and conditions of your probation, then I will have the ability to either make your probation longer or more restrictive or in the appropriate case to revoke your probation and sentence you to prison.
 {¶ 21} "Do you understand that, sir?
 {¶ 22} "Defendant Shankle: Yes, sir.
 {¶ 23} "The Court: Do you understand that I am reserving the right that if I do find you did violate the terms and conditions of probation, that if I find the revocation is the appropriate remedy, then I am reserving the right to sentence you to 5 years.
 {¶ 24} "Do you understand that, sir?
 {¶ 25} "Defendant Shankle: Yes, sir."
 {¶ 26} "* * *
 {¶ 27} "Mr. Haupt: Thank you, Your Honor. I would just indicate to the Court that I went over this agreement with Craig together with his father who is present in the courtroom today.
 {¶ 28} "I have indicated to him that I certainly have made no promises to him. There have been recommendations, Judge, but you would have the final say; and that *Page 5 
would be done at the conclusion of the presentence investigation as well as the evaluation by the appropriate person at SRCCC.
 {¶ 29} "Other than that, I have made no promises; and I would warrant to the Court that Craig, he is an adult. He is a big boy. He has got to make the right representations to the Probation Department as well as to the Court.
 {¶ 30} "* * *
 {¶ 31} "The Court: All right. Mr. Shankle, I want you to understand and be perfectly clear there is no guarantee. If a felony shows up that you haven't told Mr. Haupt or you haven't told anyone here, now is the time to tell me anything because if there is any felony in your background that you have that you know of, anything like that?
 {¶ 32} "Defendant Shankle: No, I have nothing."
 {¶ 33} Tr. at 8-16
 {¶ 34} It is undisputed Appellant did not appear for his subsequent meeting with the probation department. However, Appellant did appear at his interview with SRCCC.
 {¶ 35} At the January 30, 2007 sentencing hearing, the following exchange occurred:
 {¶ 36} "The Court: Okay. Okay.
 {¶ 37} "All right. I don't know. You know, what really bothers me more than anything else about this case is that you, ah, you knew when you left here, because I told you, that you had to comply with the presentence investigation.
 {¶ 38} "The Defendant: Right.
 {¶ 39} "The Court: And you didn't. *Page 6 
 {¶ 40} "The Defendant: Well, what, what I thought was — exactly, because I met with somebody. I thought, I met with the lady from SRCCC. I thought that was probation. I never been through that situation before. I met with her and scheduled, just last week I went and did my interview with her at SRCCC. I thought that's what I had to do.
 {¶ 41} "The Court: Are you telling me you did not receive notice of the fact that you were to report for presentece investigation?
 {¶ 42} "The Defendant: I never received the letter myself, no. I never saw the letter from probation.
 {¶ 43} "The Court: Okay. All right.
 {¶ 44} "The Defendant: But, I mean, it would be no problem for me to do that.
 {¶ 45} "I thought that's what the SRCCC was, that exact program. I mean, I complied with everything with that, I met up with them, did the hour and a half interview.
 {¶ 46} "The Court: Um-hum. All right.
 {¶ 47} "All right. Mr. Shankle, under the, your plea in this matter, ah, the Court is going to sentence you to five years on the count of burglary. In addition to that, I will sentence you further on the domestic violence, which is a, ah, misdemeanor, of six months, which will be served, ah, concurrent, and assault, also six months, concurrent.
 {¶ 48} "Now, the Court would indicate that I would, might permit you judicial release later. However, ah, that's going to depend on what you do.
 {¶ 49} "However, today, you're going to go to prison.
 {¶ 50} "You understand that?
 {¶ 51} "The Defendant: Yes, sir." *Page 7 
 {¶ 52} Tr at 10-12
 {¶ 53} Initially we note, based upon Ohio sentencing statutes Appellant would not be eligible for judicial release until he has served four and one-half years of his five year term.
 {¶ 54} Upon review of the record set forth above, it appears the trial court intended or strongly considered sentencing Appellant to community control, if a previous felony did not appear in his pre-sentence investigation. The record demonstrates Appellant appeared before SRCCC and initially complied with the trial court's order. The record further demonstrates, but for the fact Appellant failed to appear at his probation interview, the trial court would have likely sentenced Appellant to community control.
 {¶ 55} We do not find the trial court abused its discretion in not vacating Appellant's guilty pleas. However, in the interest of fairness and caution, we find justice would be best served in vacating Appellant's sentence and remanding the matter to the trial court for completion of the pre-sentence investigation.[1]
 {¶ 56} We are quick to caution our opinion should not be interpreted as a preference for or against probation or prison, but rather merely a mechanism to afford to the trial court the opportunity to consider a presentence investigation and reenter a sentence in its discretion. *Page 8 
 {¶ 57} The March 1, 2007 Judgment Entry of the trial court denying the Appellant's Motion to withdraw is guilty plea is affirmed.
 {¶ 58} Appellant's January 30, 2007 sentence in the Stark County Court of Common Pleas is vacated, and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion.
 Hoffman, J. Gwin, P.J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the March 1, 2007 Judgment Entry of the Stark County Court of Common Pleas is affirmed; but Appellant's January 30, 2007 sentence is vacated, and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs assessed to Appellant.
[1] We acknowledge our disposition of this appeal is procedurally irregular and the State may rightfully request reconsideration by this Court on jurisdictional grounds and/or seek review of our decision by the Ohio Supreme Court. We hasten to add we caution against future citation to this opinion as authority or precedent because of the unique circumstances presented in the case sub judice. *Page 1