DECISION.
On September 27, 2000, defendant-appellant William Austin was indicted in the case numbered B-0007422 on one count of rape and one count of kidnapping. Both counts contained repeat-violent-offender specifications. He filed a suggestion of incompetency and pleaded not guilty by reason of insanity. A competency hearing was held on January 11, 2001. At this hearing, Dr. Schmidtgoessling, a psychologist employed by the court clinic, testified that Austin suffered from schizo-affective disorder as well as from schizophrenia. She further testified that when she evaluated Austin in late December 2000, he was competent to stand trial. But, on cross-examination, she warned that Austin had the propensity to "decompensate" if not properly medicated or under stress, and, as a result, that his intellectual functioning could be impaired.
On February 23, 2001, Austin was indicted in the case numbered B-0101396 on one count of conspiracy to commit aggravated murder, one count of aggravated murder, and one count of attempted kidnapping. He initially pleaded not guilty to these charges. On February 28, 2001, Austin, through counsel, withdrew his previously entered pleas of not guilty and entered pleas of guilty to attempted rape in the case numbered B-0007422, and to conspiracy in the case numbered B-0101396, with an agreed sentence of fifteen years of imprisonment. Prior to accepting the pleas, the trial court held a Crim.R. 11 hearing and asked Austin the routine questions to demonstrate the intelligent, knowing and voluntary nature of the plea. But the court did not ascertain whether Austin had taken his medication prior to entering the pleas or whether Austin was suffering from any symptoms of decompensation.
On March 2, 2001, the day of sentencing, Austin, through counsel, orally moved the court to withdraw his guilty pleas. After brief arguments from counsel, the trial court allowed Austin to speak on his behalf. He stated that he felt that he was being tricked, and that he did not want to plead guilty to something he had not done. He also requested the appointment of new counsel. The court ascertained that Austin's counsel was the second attorney appointed to his case and overruled Austin's motion with these words:
 We released the attorney and had similar conversations; all the discussions, all the background that the Court's gone over with both defense counsel and with the State.
 In consideration of all the Court has gone through with regard to this matter, I'm going to deny the right to withdraw the plea at this time. We are going to proceed with the sexual predator hearing.
After the sexual-predator hearing, the trial court asked Austin if he wanted to address the court prior to sentencing. Austin readdressed the motion to withdraw, stating,
 Yes. I said that I would like to withdraw my plea because I feel as though I'm being tricked and because I don't want to plead guilty to something I didn't do.
 I'm hearing voices you know. I was supposed to be taking medication at the time, and I wasn't taking my medication. My particular medication, I wouldn't have got in trouble like this.
 Subsequently, the court sentenced Austin to the agreed term of fifteen years. Austin then filed these appeals,[1] raising the following three assignments of error:
1. The trial court abused its discretion by denying appellant's motion to withdraw his guilty plea. The trial court erred in finding appellant to be a sexual predator because R.C. 2950.09 is unconstitutionally vague.
The trial court erred by adjudicating appellant a sexual predator as its decision where the evidence presented was insufficient as a matter of law.
 Crim.R. 32.1 governs motions to withdraw pleas of guilty. When a motion to withdraw a plea is made prior to sentencing, the trial court should grant it freely and liberally. See State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719. But a defendant does not have an absolute right to withdraw the plea prior to sentencing. Id. at paragraph one of the syllabus. The trial court's decision on a motion to withdraw will only be reversed on appeal when an abuse of discretion has occurred. Id. at paragraph two of the syllabus. In determining whether the trial court has properly exercised its discretion, this court is aided by the following factors: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was given a full Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw; and (4) whether the trial court gave full and fair consideration to the motion. See State v. Peterseim (1980), 68 Ohio App.2d 211, 214, 428 N.E.2d 863, 865. In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the defendant understood the nature of the charges and the possible penalties; (4) whether the defendant was perhaps not guilty of or had a complete defense to the charges; and (5) whether the state would have been prejudiced by the withdrawal of the plea. See State v. Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788, 790.
The trial court is required to conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Xie, supra, at paragraph one of the syllabus. The scope of this hearing should reflect the substantive merits of the Crim.R. 32.1 motion. See State v. McNeil (Sept. 14, 2001), Hamilton App. No. C-000808, unreported; State v. Smith (Dec. 10, 1992), Cuyahoga App. 61464, unreported. Austin argues that the trial court did not hold a proper hearing on the motion as required under Xie and did not give due consideration to his motion. We agree and accordingly remand the case to the trial court for a more comprehensive hearing on the motion.
The trial court, which had presided over Austin's competency hearing held on January 11, 2001, was aware that Austin had the propensity to decompensate if he was not taking his medication for his psychological disorders. Dr. Schmittgoesling testified that Austin was competent to stand trial when she saw him in December, but qualified that opinion on cross examination and clearly stated that Austin's competency should be monitored. She warned that his failure to take his medication or the stress of an approaching trial might cause him to decompensate and might lead to a deterioration of his intellectual functioning. Austin's assertions in support of the motion to withdraw raised the possibility of his decompensation at the time of his pleas.
Because of Austin's history and his assertions in support of his motion to withdraw, the trial court should have considered the possibility of Austin's decompensation before overruling Austin's motion. The court's comments at the time it overruled the motion to withdraw indicate that the court did not consider the possibility of decompensation. Further, in light of the facts of this case, the brief hearing on the motion was insufficient for the court to examine whether Austin's pleas had been knowingly, intelligently and voluntarily entered. See, generally, Statev. Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627 (court reviewed defendant's mental awareness surrounding plea at hearing on motion to withdraw plea). The first assignment of error is accordingly well taken. Therefore, we reverse the judgment of the trial court, and remand the case to the trial court for a more comprehensive hearing on the motion to withdraw.
Austin's remaining assignments of error are rendered moot by our disposition of the first assignment of error. Judgmentreversed and cause remanded.
Painter, J., concurs.
Hildebrandt, P.J., dissents.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The cases were joined for disposition before the trial court and have been consolidated on appeal.