[Cite as *State v. Wyrick*, 2011-Ohio-5089.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OFOHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CAA 04 0034 |
| JOSEPH L. WYRICK | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
Pleas, Case No.  10 CR I 07 0382


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        September 30, 2011


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

CAROL HAMILTON O'BRIEN        BRIAN G. JONES
PROSECUTING ATTORNEY        2211 US Highway 23 North
GREGORY A. TAPOCSI        Delaware, Ohio  43015
ASSISTANT PROSECUTOR
140 North Sandusky Street, 3rd Floor
Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Defendant-Appellant Joseph L. Wyrick appeals the March 22, 2011, Judgment Entry entered in the Delaware County Common Pleas Court denying his motion to withdraw his guilty plea.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND CASE**

**{¶3}** On July 9, 2010, the Grand Jury of Delaware County returned a sixteen count indictment against Appellant Joseph L. Wyrick based on a series of home invasions conducted by Appellant in a continuing course of criminal conduct from June 17, 2010, to July 2, 2010. As a result, Appellant was charged with the following: one count of Burglary in violation of R.C. §2911.12(A)(2), being a felony of the second degree; two counts of Attempted Burglary in violation of R.C. §2923.02(A) as it relates to R.C. §2911.12(A)(2), being third degree felonies; one count of Receiving Stolen Property in violation of R.C. §2913.51(A), being a felony of the fourth degree; and one count of Having Weapons While Under Disability in violation of R. C. §2923.12(A)(2), being a felony of the third degree.

**{¶4}** On July 23, 2010, Appellant appeared before the Court for purposes of arraignment, where he pled not guilty to all counts, and a trial date of September 28, 2010, was established.

**{¶5}** On September 27, 2010, Appellant was transported to the trial court for a hearing on a motion to continue filed by his retained attorney, Linda Kendrick. (Plea T. at 2). Attorney Kendrick noted she was seeking to continue Appellant's trial because a fire destroyed "everything" in her office, and she was not prepared to go forward on the

scheduled date. (Plea T. at 2-3). Attorney Kendrick then advised the trial court that she wished to withdraw as Appellant's attorney of record due to "a difference of opinion." (Plea T. at 3). At that time, however; Appellant informed Attorney Kendrick that he wanted to enter a guilty plea. (Plea T. at 4).

{¶6}    The State then proceeded to orally enter the parties' agreement on the record. Id. Pursuant to negotiations, Appellant agreed to plead guilty to one count of Attempted Burglary and one count of Having Weapons While Under Disability, both being felonies of the third degree. (Plea T. at 4). In exchange, the State agreed to dismiss the three remaining charges.  (Plea T. at 7).

{¶7}    Attorney Kendrick then asked the trial court for time to review the plea paperwork with Appellant before allowing the hearing to continue. Id.

{¶8}    After a brief recess, Appellant was placed under oath, at which time the trial court advised Appellant:

{¶9}    "Mr. Wyrick, I'm gonna ask you some questions. If at anytime you don't understand anything, let me know, be happy to clarify it for you. I recognize this is important to you, I want to make sure that you're aware of everything going on. So will you do that?" (Plea T. at 5).

{¶10}  Appellant then responded in the affirmative. Id.

{¶11}  After speaking with Appellant, the trial court stated that it found Appellant to be "mature, alert, reasonably educated, not under the influence of alcohol or drugs, capable of understanding the proceedings here today."  (Plea T. at 6).

{¶12}  The trial court then discussed the content of the parties' Crim.R. 11 (F) negotiations. (Plea T. at 7).   Appellant acknowledged that the plea paperwork was

correct and further acknowledged the presence of his signature on the Crim.R. 11(F) agreement. Id.

{¶13} The trial court then proceeded to question Appellant about the two crimes for which he was entering pleas of guilty. (Plea T. at 10). Appellant admitted to attempting to open a sliding glass door and then trying to pry open a kitchen window screen for purposes of stealing items from within a Delaware County home. Id. Appellant also stated he was in possession of three firearms at the time of his arrest despite having two prior burglary convictions. (Plea T. at 11).

{¶14} Upon inquiry from the trial court, Appellant stated that he was entering his pleas voluntarily and further stated that he had the opportunity to review all the essential elements, possible defenses, and possible penalties with his attorney, Ms. Kendrick. (Plea T. at 12). Further, Appellant confirmed that Ms. Kendrick answered all his questions and stated that he was satisfied with her advice, counsel, and competence. Id.

{¶15} The trial court informed Appellant that it could impose a definite prison term of one, two, three, four, or five years, as well as a $10,000 fine for Count 3 and one, two, three, four or five years in prison and a fine not to exceed $10,000 on Count 5. (Plea T. at 13).

{¶16} The trial court further inquired of Appellant:

{¶17} "And understanding that those penalties can be imposed consecutively or one after the other, so you're facing a maximum of ten years in prison and up to a $20,000 fine, do you still wish to enter a plea of guilty." Id.

{¶18} To which, Appellant responded in the affirmative. Id.

{¶19} Appellant also signed a written plea of guilty which specified that Appellant understood that "[p]rison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively by the Court." (Judgment Entry Withdrawal Guilty Pleas, Sept. 28, 2010, at 2; See also T. Vol. 3, at 17).

{¶20} After discussing the constitutional rights waived by Appellant as a result of his pleas, the trial court found Appellant guilty and ordered Appellant's sentencing to occur at a later date so that a presentence investigation could be conducted to help the court to fashion an appropriate sentence for Appellant. (Plea T. at 16-18).

{¶21} On November 1, 2010, Appellant was sentenced to serve a stated prison term of four years on the Attempted Burglary charge and four years on the Having Weapons While Under Disability charge to be served consecutively for a total stated prison term of eight years. (Sent. T. at 15).

{¶22} On January 14, 2011, Appellant filed a motion to withdraw his guilty pleas.

{¶23} On March 21, 2011, a hearing was held on Appellant's motion.

{¶24} By Judgment Entry filed March 22, 2011, the trial court denied Appellant's motion to withdraw his guilty pleas.

{¶25} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶26} "I. THE COURT ERRED IN NOT GRANTING MR. WYRICK'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE HE WAS PROVIDED WITH INNEFFECTIVE [SIC] ASSISTANCE OF COUNSEL DUE TO THE FACT THAT HIS COUNSEL DID NOT PROPERLY INFORM HIM OF WHAT A GUILTY PLEA WOULD

ENTAIL AND THUS, HIS PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶27} "II. THE COURT ERRED IN NOT GRANTING MR. WYRICK'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE HE WAS NOT PROPERLY INFORMED BY THE COURT WHAT A CONSECUTIVE SENTENCE WAS AND THUS, HIS GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

II.

{¶28} For clarity of analysis, we shall address Appellant's assignments of error out of order.

{¶29} In his second assignment of error, Appellant claims that the trial court erred in denying his motion to withdraw his guilty pleas. We disagree.

{¶30} Appellant claims that the trial court failed to properly inform him of the possibility of consecutive sentences.

{¶31} As stated above, the trial court, at Appellant's change of plea hearing on Sept. 27, 2010, engaged in the following discussion with Appellant:

{¶32} The Court:  "Understanding that today, if I accept your pleas of guilty, that I'm able to impose a definite prison term of imprisonment on State – or on Count 3 of one, two, three, four, or five years duration and a fine not to exceed $10,000, and on Count 5 one, two, three, four, five years in prison and a fine not to exceed $10,000, do you still wish to enter a plea of guilty to those two charges?"

{¶33} Defendant:  "Yes."

**{¶34}** The Court: "And understanding that those penalties can be imposed consecutively or one after the other, so you're facing a maximum of ten years in prison and up to a $20,000 fine, do you still wish to enter a plea of guilty."

**{¶35}** Defendant: "Yes." (Plea T. at 13).

**{¶36}** We therefore find Appellant's argument that he was not properly informed about the possibility of consecutive sentences not well-taken.

**{¶37}** Based on the foregoing, we find Appellant's second assignment of error not well-taken and overrule same.

I.

**{¶38}** In his first assignment of error, Appellant claims that the trial court erred in denying his motion to withdraw his guilty pleas. We disagree.

**{¶39}** More specifically, Appellant claims that his guilty pleas were not made knowingly, voluntarily and intelligently, arguing that his attorney failed to adequately advise him as to the consequences of his guilty pleas.

**{¶40}** Crim.R. 11 requires guilty pleas to be knowingly, intelligently and voluntarily made. Although literal compliance with Crim.R. 11 is preferred, substantial, not strict, compliance with Crim.R. 11 is required. *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

**{¶41}** Crim.R. 32.1 governs the withdrawal of a guilty or no contest plea and states:

**{¶42}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence

may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶43}** Because Appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus.

**{¶44}** Further, a reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶45}** A properly licensed attorney is presumed competent. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476. Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶46}** In other words, Appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶47} Further, a Criminal Rule 32.1 motion is "addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." *State v. Reed,* 7th Dist. No. 04 MA 236, 2005-Ohio-2925, ¶ 7, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.

{¶48} In the case sub judice, the trial court found that Appellant failed to present credible evidence in support of his claims that his attorney failed to properly advise as to the consequences of his guilty pleas. We agree.

{¶49} While Appellant testified that his attorney never told him that he could receive consecutive sentences, the trial court found his testimony to be lacking in credibility and further found that Appellant failed to present any evidence that his counsel advised him that he would receive less than the ten year sentence imposed. The trial court further found that the plea hearing record contradicted Appellant's testimony. (March 22, 2011, Judgment Entry Denying Motion to Withdraw Guilty Plea).

{¶50} Further, as set forth above in our analysis of Appellant's second assignment of error, Appellant was in fact advised as to the possible sentences that could be imposed and the possibility of the imposition of consecutive sentences by the trial court. We therefore find his argument that his pleas were not knowingly, voluntarily and intelligently made not well-taken.

{¶51} Based on the foregoing, we find that the trial court did not abuse its discretion in overruling Appellant's motion based on the claim of ineffective assistance of counsel.

**{¶52}**  Appellant's first assignment of error is overruled.

**{¶53}**  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0915

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OFOHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH L. WYRICK | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11 CAA 04 0034 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES