[Cite as *State v. Tabler*, 2017-Ohio-2617.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2017-0012 |
| RONNIE TABLER II | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  CR2014-0105


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          May 1, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

D. MICHAEL HADDOX                         RONNIE L. TABLER II
PROSECUTING ATTORNEY                      NOBLE CORRECTIONAL INSTITUTION
GERALD V. ANDERSON II                     15708 McConnelsville Road
ASSISTANT PROSECUTOR                      Caldwell, Ohio  43724
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, John, J.*

{¶1}    Appellant Ronnie Tabler, II appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas on two counts of trafficking in heroin, one count of possession of heroin and one count of possession of cocaine, following a plea of no contest.

{¶2}    Appellee is the State of Ohio.

{¶3}    The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

{¶4}    "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5}    One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (1983).

<u>STATEMENTS OF THE FACTS AND CASE</u>

{¶6}    On October 20, 2014, Appellant Ronnie Tabler, II, entered a plea of guilty to two counts of trafficking in drugs (heroin), in violation of R.C. §2925.03(A)(1), fourth-degree felonies, one count of possession of drugs (heroin), in violation of R.C. §2925.11(A)(1), a third-degree felony, and one count of possession of drugs (cocaine), in violation of R.C. §2925.11(A)(1), a second-degree

felony. Three of the four counts also contained forfeiture specifications pursuant to R.C. §2941.1417.

{¶7}   As to the Possession of Cocaine charge, Appellant pled guilty and stipulated to possession in an amount sufficient for a felony of the second-degree.

{¶8}   In exchange for his plea, the state dropped two additional drug charges and a charge of having weapons while under disability.

{¶9}   On December 8, 2014, the trial court sentenced Appellant to 16 months on each of the trafficking counts, 24 months on the possession of heroin charge and 5 years on the possession of cocaine charge, all to run concurrently, for an aggregate prison term of 5 years.

{¶10}  On January 26, 2017, Appellant filed a motion to withdraw his guilty plea with the trial court.

{¶11}  On February 4, 2017, the trial court denied his motion.

{¶12}  Appellant now appeals, setting forth the following assignment of error:

## ASSIGNMENT OF ERROR

{¶13} "I. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO DEFENSE COUNSEL'S ERRONEOUS ADVICE THAT HE ENTER GUILTY PLEAS TO ENHANCED-DEGREE FELONIES FOR POSSESSION OF DRUGS (COCAINE) BASED ON GROSS WEIGHT THAT INCLUDED OTHER MATERIAL, INSTEAD OF THE WEIGHT OF ACTUAL COCAINE, IN VIOLATION OF HIS RIGHT TO DUE PROCESS.

{¶14} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT  [SIC] MOTION TO WITHDRAW HIS GUILTY PLEA WHEN A

CLEAR MANIFEST INJUSTICE HAD BEEN SHOWN BY THE RECORD AND DOCUMENTATION."

**I., II.**

**{¶15}** In his two Assignments of Error, Appellant argues that the trial court erred by denying his Crim.R. 32.1 motion to withdraw his guilty pleas. Specifically, Appellant contends that the ineffectiveness of his trial counsel coupled with the Supreme Court of Ohio's holding in *State v. Gonzales*, Slip Opinion No. 2016–Ohio–8319, warrant the withdrawal of his guilty pleas. We disagree.

**{¶16}** We review the trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard of review. *State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, ¶ 31 citing *State v. Caraballo,* 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Pepper,* 2014–Ohio–364, ¶ 31 quoting *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶17}** A Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or sentence and instead only focuses on the plea. *State v. Bush*, 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is granted only in extraordinary cases. *State v. Aleshire*, Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60.

**{¶18}** Appellant's basis for moving to withdraw his guilty pleas was that his trial was ineffective. "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Adames*, 5th Dist. Licking No. 16–CA–45, 2017–Ohio–587, ¶ 9. *State v. Dalton*, 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18.

**{¶19}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶20}** Appellant argued that his trial counsel was ineffective for failing to request that the cocaine seized at the time of his arrest be tested for its purity. Appellant cites the Supreme Court of Ohio's decision, *State v. Gonzales*, Slip Opinion No. 2016–Ohio–8319 (*Gonzales I* ), which held that the State, in prosecuting cocaine offenses involving mixed substances under R.C. §2925.11(C)(4)(b) through (f), must prove that the weight

of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold. *Id.* at ¶ 1.

**{¶21}** However, the Supreme Court subsequently released a second decision, *see State v. Gonzales* (*Gonzales II*), Slip Opinion No. 2017–Ohio–777, wherein it granted the State's motion for reconsideration, vacated its decision in *Gonzales I*, and reversed the judgment of the Sixth District Court of Appeals. *Id.* at ¶ 3.

**{¶22}** Accordingly, Appellant's reliance upon the holding in *Gonzales I* is without merit.

**{¶23}** Based on the Ohio Supreme Court's decision in *State v. Gonzales* (*Gonzales II*), Slip Opinion No. 2017–Ohio–777, we find Appellant's assignments of error not well-taken and hereby overrule same.

**{¶24}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, John, J.

Delaney, P. J., and

Baldwin, J., concur.


JWW/d 0425