[Cite as *State v. Bender*, 2016-Ohio-8178.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TYLER T. BENDER | : | Case No. 16-COA-004 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County
Court of Common Pleas, Case No.
12-CRI-103

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        December 15, 2016

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor

By: CHRISTOPHER E. BALLARD
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

ERIC J. ALLEN
The Law Office of Eric J. Allen, Ltd.
4605 Morse Road, Suite 201
Gahanna, Ohio 43230

*Baldwin, J.*

{¶1}   Defendant-appellant Tyler Bender appeals from the February 24, 2016 Judgment Entry of the Ashland County Court of Common Pleas denying his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On April 2, 2012, appellant was driving with three passengers on County Road 775 near the village of Loudonville, Ohio. Appellant, who was intoxicated, lost control of his vehicle, causing it to overturn. All four occupants of the vehicle were ejected. One of the passengers, Jared Reid, was thrown into the road and was struck by a vehicle driving northbound on County Road 775.

{¶3}   On August 30, 2012,  the Ashland County Grand Jury indicted appellant on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree, one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the third degree, one count of operating a vehicle under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree,   one count of operating a vehicle under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(A)(1)(f), a misdemeanor of the first degree, and one count of operating a vehicle under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(A)(1)(g), a misdemeanor of the first degree.  At his arraignment on September 21, 2012, appellant pleaded not guilty to the charges.

{¶4}   Thereafter, on January 22, 2013, appellant withdrew his former not guilty pleas and entered a plea of guilty to one count each of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree, and to operating a

vehicle under the influence of alcohol and/or drug of abuse in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. The remaining charges were dismissed. As memorialized in a Judgment Entry filed on March 21, 2013, appellant was sentenced to a mandatory six years in prison, fined $1,000.00 and ordered to pay restitution. In addition, appellant's operator's license was suspended for the entirety of appellant's life.

{¶5} Subsequently, on January 19, 2016, appellant filed a Motion to Withdraw Guilty Plea. Appellant, in his motion, alleged that he received ineffective assistance of trial counsel. According to appellant, his trial counsel told appellant that he would investigate the possibility of a defense that it was the driver of the second vehicle who was responsible for Reid's death, but failed to do so. Appellant attached to his motion a copy of a letter from his defense counsel dated October 19, 2012 in which his counsel stated that he would investigate whether an intervening cause (the other driver striking Reid with her vehicle) absolved appellant of liability for Reid's death. Appellant also attached an August 15, 2015 letter from Dr. James R. Pritchard, the former coroner of Stark County, opining that Reid was alive until struck by the other vehicle and that "the immediate cause of Reid's death was severe, traumatic head injuries which were, with reasonable medical certainty (greater than 50%), caused by being hit and dragged" by the other vehicle. Appellee filed a response to appellant's motion on January 26, 2016.

{¶6} Pursuant to a Judgment Entry filed on February 24, 2016, the trial court denied appellant's motion.

{¶7} Appellant now raises the following assignment of error on appeal:

{¶8}   THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

I

{¶9}   Appellant, in his sole assignment of error, argues that the trial court abused its discretion in denying his post-sentence Motion to Withdraw Guilty Plea. We disagree.

{¶10}   Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶11}   Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12}   Appellant's Motion to Withdraw, which was filed approximately three years after his guilty plea, was based on alleged ineffective assistance of trial counsel. To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered

sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶13} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶14} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶15} We have previously found an ineffective assistance claim is cognizable in regard to an attorney's performance in connection with a presentence Crim.R. 32.1 motion. *State v. Emerson,* 5th Dist. Richland No. 14 CA 79, 2015–Ohio–2121, ¶ 25. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* 5th Dist. Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60.

{¶16} Appellant specifically contends that his trial counsel was ineffective in failing to investigate whether or not the other driver's action in striking Reid with her vehicle was an intervening or superseding cause that relieved him from liability for Reid's death. He contends that there was no investigation by his trial counsel as to proximate cause and notes that the former coroner of Stark County concluded that Reid was alive when he was

struck and killed by the other vehicle. In short, appellant contends that he had a potential defense to the homicide charge that trial counsel failed to investigate.

{¶17}  As noted by the court in *State v. Filchock*, 166 Ohio App.3d 611, 2006-Ohio-2242, 852 N.E.2d 759 at paragraphs 77-78 (11th Dist):

> It is well established that the definition of 'cause' in criminal cases is identical to the definition of 'proximate cause' in civil cases. * * * The general rule is that a defendant's conduct is the proximate cause of injury or death to another if the defendant's conduct (1) is a 'substantial factor' in bringing about the harm and (2) there is no other rule of law relieving the defendant of liability. * * *

> A defendant cannot be relieved of criminal liability merely because factors other than his acts contributed to the death, provided such other factors are not the sole proximate cause of death. * * * Indeed, we have specifically stated that the alleged contributory negligence of a victim may not be used as a defense in a subsequent aggravated vehicular homicide prosecution unless it is the sole proximate cause of death.

{¶18} As noted by the trial court, "the intervening cause alluded to by the Defendant must be the *sole* cause of death."  Such is not the case in this matter.  In the case sub judice, appellant's driving while intoxicated was a "substantial factor" in causing Reid's death and was the proximate cause of his death. Had Reid not been ejected from appellant's vehicle after it overturned, he would not have been laying in the road and would not have been struck by the other vehicle. It was reasonably foreseeable that Reid could have been struck by another vehicle approaching on the same road from the

opposite direction. While appellant points to Dr. Pritchard's letter to relieve him of criminal liability for Reid's death, we note that Dr. Pritchard, in such letter, does not opine that appellant's conduct was not a proximate cause that substantially contributed to Reid's death.

{¶19} Based on the foregoing, we find no ineffective assistance of trial counsel. We further find that the trial court did not abuse its discretion in denying appellant's Motion to Withdraw Guilty Plea because no manifest injustice occurred. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶20} Appellant's sole assignment of error is, therefore, overruled.

{¶21} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.