[Cite as *State v. Richardson*, 2026-Ohio-280.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-25-00107

　　　Appellee                                        Trial Court No.  CR 22 3016

v.

Armon Richardson                                  **DECISION AND JUDGMENT**

　　　Appellant                                       Decided: January 29, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Armon Richardson, appeals the May 5, 2025 judgment of the Lucas County Court of Common Pleas, denying his petition for post-conviction relief without a hearing.  For the following reasons, we affirm.

# I. Background

{¶ 2} The background of this case was recited in *State v. Richardson,* 2024-Ohio-2840, (6th Dist.). Briefly stated, Armon Richardson was indicted on two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count of vehicular assault, in connection with a March 16, 2022 traffic accident that killed J.R. and seriously injured her 15-year-old daughter. According to the State, Richardson accelerated to 80-90 m.p.h. to beat a red light and struck J.R.'s vehicle as she attempted to turn. Richardson ultimately entered a plea of guilty to one count of aggravated vehicular homicide, a violation of R.C. 2903.06(A)(2)(a) and (B), a third-degree felony, and one count of vehicular assault, a violation of R.C. 2903.08(A)(2)(b) and (C), a fourth-degree felony; the remaining charges were dismissed. The trial court accepted the plea, found Richardson guilty, and continued the matter for sentencing. The trial court imposed an aggregate prison term of 72 months.

{¶ 3} Richardson filed a direct appeal challenging the imposition of costs, which were not addressed at sentencing but were nevertheless included in the sentencing entry. In a decision released on July 26, 2024, we reversed, in part, concluding that the trial court erred in imposing discretionary costs.

{¶ 4} Just over six months later, Richardson filed a petition for postconviction relief. He argued that he was denied the effective assistance of trial counsel because defense counsel failed to adequately apprise him of potential defenses available to him at trial. More specifically, Richardson maintained that defense counsel failed to discuss

2.

with him the case of *State v. Langenkamp*, 2000-Ohio-1831 (3d Dist.), which according to Richardson, holds that the contributory negligence of the decedent can be a defense if it is the sole proximate cause of the accident. He claimed that counsel's failure to advise him of this defense led him to enter a plea of guilty instead of proceeding to trial. Richardson requested an evidentiary hearing.

{¶ 5} Without conceding that this possible defense was not discussed with Richardson, the State responded that Richardson failed to articulate grounds for a hearing or for relief because he provided no evidence that the victim's negligence here was the sole proximate cause of the accident, and in the absence of such evidence, he cannot show that defense counsel's performance was deficient. It also maintained that Richardson's claim that he would not have entered his plea if counsel had informed him of the case was nothing more than a post hoc assertion.

{¶ 6} In a judgment journalized on May 5, 2025, the trial court denied Richardson's petition without a hearing. It recognized that under Ohio law, the victim's own negligence will serve as a defense only if it is the sole proximate cause of the accident. It observed that Richardson's excessive speed and reckless driving were significant factors contributing to the accident, thus even if the decedent was partially at fault for the accident, her actions were not the sole proximate cause. As such, the court found that "the defense asserted by petitioner is inapplicable to the facts of this case," therefore, defense counsel was not deficient for failing to discuss it with Richardson. It also found that Richardson's affidavit alone was insufficient to establish that he would

3.

have proceeded to trial but for counsel's alleged errors, especially given the favorable outcome achieved under the plea agreement. The trial court concluded that no hearing was warranted because Richardson failed to set forth sufficient facts to establish substantive grounds for relief.

{¶ 7} Richardson appealed. He assigns the following error for our review:

> The trial court abused its discretion when it denied Mr. Richardson's request for a hearing on his petition for post-conviction relief.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, Richardson argues that the trial court erred when it denied his petition for postconviction relief without an evidentiary hearing. A petition for postconviction relief under R.C. 2953.21 is the exclusive method by which an offender can raise collateral challenges to the validity of his conviction or sentence. R.C. 2953.21(K). The basis for the petition must be "such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. . . ." R.C. 2953.21(A)(1)(a).

{¶ 9} Under R.C. 2953.21(D), the trial court is required to determine whether the petition presents substantive grounds for relief before granting a hearing. To be entitled to a hearing, the petitioner must set forth "sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. In determining whether the petitioner has met this burden, the court must consider the petition and any supporting affidavits and documentary evidence, along with "all the files and records pertaining to the proceedings against the petitioner. . . ."

4.

R.C. 2953.21(D). The court is required to "proceed to a prompt hearing on the issues . . ." unless the petition and the record show that the petitioner is not entitled to relief. R.C. 2953.21(F). If the trial court does not find grounds for granting relief, it must deny the petition. R.C. 2953.21(H). Generally, we review a trial court's decision denying a petition for postconviction relief for an abuse of discretion. *State v. Boaston,* 2021-Ohio-360, ¶ 43 (6th Dist.).

{¶ 10} Here, Richardson's petition for postconviction relief is premised on a claim of ineffective assistance of trial counsel. "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." *State v. Cole,* 2 Ohio St.3d 112, 114 (1982). To establish the prejudice element of a claim of ineffective assistance of counsel, a defendant must demonstrate "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale,* 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders,* 94 Ohio St.3d 150, 151 (2002).

{¶ 11} Richardson maintains that the uncontroverted averments in his affidavit—(1) that counsel did not advise him of a possible contributory-negligence defense, and (2)

5.

that he would have proceeded to trial had he known of this potential defense—constituted substantive grounds for relief, entitling him to an evidentiary hearing. We disagree.

{¶ 12} First, Richardson's averment that defense counsel did not discuss with him the defense of contributory negligence defense is questionable given the trial court's remark at the sentencing hearing that there had been "talk about the fact that the victim's vehicle turned left in front of you." The court told Richardson that this was "something you would expect, because not often does someone traveling on roads, at least in Ohio, encounter a car approaching an intersection at a hundred miles per hour."

{¶ 13} In any event, even if the defense was not discussed with Richardson, as intimated by the trial court, it is well-recognized that the contributory negligence of the victim may not be used as a defense to aggravated vehicular manslaughter unless the victim's negligence was the sole proximate cause of the accident. *State v. Smith,* 2025-Ohio-2086, ¶ 27 (2d Dist.); *State v. Schwieterman,* 2010-Ohio-102, ¶ 25 (3d Dist.); *State v. Bender,* 2016-Ohio-8178, ¶ 17 (5th Dist.); *City of Toledo v. Davenport,* 1987 WL 5885, *2 (6th Dist. Jan. 30, 1987). Missing from the materials supporting Richardson's petition is any evidence—or even any assertion—that the victim's negligence was the *sole* proximate cause of the accident or that Richardson's conduct was not *a* proximate cause of the accident.

{¶ 14} The only information in the record concerning fault for the accident is the trial court's acknowledgment that the victim turned left in front of Richardson's vehicle, followed by its remark that Richardson approached the intersection at one hundred miles

6.

per hour. Absent a contention that the victim's negligence was the *sole* proximate cause of the accident or that Richardson's conduct was not *a* proximate cause of the accident, the record lacks evidence that this defense was applicable to Richardson's case. If the defense was not applicable, then defense counsel cannot be said to have been ineffective for failing to bring it to Richardson's attention. *See State v. Zuber*, 1998 WL 553203, *5 (11th Dist. June 26, 1998), quoting *Lewis v. Alexander*, 11 F.3d 1349, 1353-1354 (6th Cir. 1993) ("'[C]ounsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment.'").

{¶ 15} Because the evidence offered in support of Richardson's petition does not demonstrate that the victim's negligence was the sole proximate cause of the accident, the defense was inapplicable and Richardson's petition lacked substantive grounds for relief warranting a hearing. The trial court did not abuse its discretion when it denied Richardson's petition for postconviction relief without a hearing.

{¶ 16} We find Richardson's sole assignment of error not well-taken.

### III. Conclusion

{¶ 17} Richardson offered no evidence in support of his petition for postconviction relief indicating either that (1) the victim's negligence was the *sole* proximate cause of the accident, or (2) Richardson's conduct was not *a* proximate cause of the accident. As such, the record lacks evidence that the victim's role in the accident provided Richardson a potential defense, and defense counsel was not ineffective for failing to bring it to

7.

Richardson's attention. Under these facts, Richardson's petition lacked substantive grounds for relief warranting a hearing, and the trial court did not abuse its discretion when it denied Richard's petition without a hearing.

{¶ 18} We affirm the May 5, 2025 judgment of the Lucas County Court of Common Pleas. Richardson is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

Thomas J. Osowik, P.J.

          JUDGE

Christine E. Mayle, J.

          JUDGE

Charles E. Sulek, J.
CONCUR.

          JUDGE

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.